UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff/Petitioner,<br>    v.<br><br>FIELDSTONE FINANCIAL MANAGEMENT GROUP, LLC, and KRISTOFOR R. BEHN,<br><br>    Defendants/Respondents. | 1:24-mc-91332 |

APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT, SECTION 21(e)
OF THE EXCHANGE ACT, SECTION 209(d) OF THE ADVISERS ACT AND SECTION
42(d) OF THE INVESTMENT COMPANY ACT ENFORCING COMPLIANCE WITH
COMMISSION ORDER

The Plaintiff/Petitioner, Securities and Exchange Commission ("SEC" or the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by the Defendants/Respondents, Fieldstone Financial Management Group, LLC, ("Fieldstone") and Kristofor R. Behn ("Behn") (collectively the "Respondents") with a final Commission order entered against them on July 1, 2019.  In anticipation of the proceedings giving rise to the OIP, the Respondents agreed to pay, jointly and severally, disgorgement of $984,778, prejudgment interest of $63,193, and a civil money penalty of $270,000, plus additional interest pursuant to SEC Rule 600 and 31 U.S.C. § 3717 and certain injunctive relief.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission, which found that Fieldstone and Behn violated Securities Act Section 17(a), Exchange Act Section 10(b) and Rule 10b-5 and Advisers Act Sections 206(1) and (2).

2. Respondents have failed, refused and neglected to comply with the Commission Order in that they have not paid the full amounts they were ordered to pay.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, NE, Washington, DC 20549.

4. Respondent Fieldstone Financial Management Group, LLC, is a Delaware limited liability company headquartered in Foxboro, Massachusetts.

5. Kristofor R. Behn, age 51, is a resident of Foxboro, Massachusetts.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, and Sections 21(e)(1) and 27(a) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.

7. Venue lies in the District of Massachusetts under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act, Section 44 of the Investment Company Act, Section 214(a) of the Advisers Act. Respondents are "found" or are "inhabitants" of this District.

**STATEMENT OF RELEVANT FACTS**

8. On July 1, 2019, the Commission issued an Order making findings and imposing remedial sanctions and injunctive relief on consent against Respondents requiring them to disgorge $984,778 and pay a civil money penalty of $270,000.

9. The Commission Order found, in summary, that Fieldstone and Behn failed to disclose material conflicts of interest to investors and prospective investors while recommending investment in Aequitas Commercial Finance, LLC ("ACF") securities. The Commission further found that Respondents made material misstatements to Fieldstone clients when advising the clients to purchase a stake in Fieldstone.

10. Specifically, Fieldstone made two arrangements with Aequitas in April 2014 resulting in a $1.5 million cash loan and a $2 million line of credit. The loan was used by Behn to pay down personal debt, and was structured such that if $25 million of Fieldstone's advisory clients' assets were invested into Aequitas securities, the loan could be converted into a Fieldstone equity interest held by Aequitas. The line of credit, secured by Fieldstone's assets, Behn's Fieldstone ownership stake, and a personal guaranty by Behn and his spouse, increased as the amount of Fieldstone's advisory clients' assets were invested in Aequitas securities. A decrease in such investments could trigger accelerated repayment of the credit line. Fieldstone never drew on the line of credit, and it was terminated in March 2015.

11. During the arrangements described above, Behn recommended investment in ACF securities to Fieldstone clients without disclosing Behn's and Fieldstone's arrangements with Aequitas, including sending an email and a letter to all clients announcing a "strategic affiliation" with Aequitas and touting investment with Aequitas. Behn responded to a specific query from a client about Fieldstone's relationship with Aequitas by stating "Aequitas is simply a private fund

and Fieldstone has no relationship with them beyond making their notes available to clients." Acting on Behn's advice, Fieldstone clients invested $7.8 million in ACF securities between July 2014 and February 2016.

12. Fieldstone and Behn also solicited and advised a current client to use $1 million of the client's money under Fieldstone management to buy a ten percent ownership stake in Fieldstone. This advice was given without disclosing that most of the money would be spent on Behn's personal expenses, and in fact the client was told that the money would be used to expand Fieldstone's business. Behn also discouraged the client from obtaining an independent valuation of Fieldstone. Behn used $500,000 of the investment within ten days to pay for personal debt (including $300,000 in personal taxes) and for cash withdrawals for himself.

13. With Respondents' consent, on July 1, 2019, the Commission issued an Order instituting administrative and cease-and-desist proceedings, on consent, pursuant Section 8A of the Securities Act, Section 21C of the Exchange Act, Sections 203(e), 203(f) and 203(k) of the Investment Advisers Act and Section 9(b) of the Investment Company Act requiring Respondents to pay jointly and severally disgorgement of $984,778, prejudgment interest of $63,193, and a civil penalty of $275,000, with interest accruing pursuant to Commission Rule 600 and 31 U.S.C. § 3717.

14. Payments were to be made according to an agreed installment plan and were to commence within 10 days of the Order. The final payment was to be made on June 25, 2020.

15. The Commission also entered the following injunctive relief: ordering Respondents to cease and desist from committing or causing any violations and any future violations of Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1), 206(2), and 207 of the Advisers Act. Behn was also barred from association with

any investment adviser, broker, dealer, municipal securities dealer, municipal adviser, transfer agent, or nationally recognized statistical rating organization; and prohibited from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter. Fieldstone was also censured.

16. Respondents consented to the entry of the Order, they did not seek review of the Order, and the time to do so has expired.

## ARGUMENT

1. Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), and its companion provision at Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provide:

> Upon application of the Commission the district courts of the United States … shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder.

17. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

18. Under 21(e)(1), the Commission "may . . . seek . . . 'orders' from the federal courts commanding any person to comply with, inter alia, 'the provisions of [the federal securities laws], the rules, regulations, and orders thereunder." *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011). This provision vests the Commission "with authority to apply to the district court for orders commanding compliance with the SEC orders." *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), citing *Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

19. Proceedings under this provision are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted

without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

20. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

21. These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

22. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondents to show cause why this Court should not enter an Order enforcing compliance with the Commission Order.

II.

That the Court thereafter enter Judgment enforcing the Commission Order and requiring:

   a. **RESPONDENTS** Fieldstone Financial Management Group, LLC and Kristofor R. Behn, jointly and severally, to pay their remaining joint and several disgorgement obligations of $165,673.15 and interest that continues to accrue on that balance, and their remaining joint and several civil penalty obligation of $285,075.82 and interest that continues to accrue on that balance; and

b. Comply with the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other relief as may be just and proper.

Dated: June 26, 2024

Respectfully submitted,

_____/s/_____

Carol E. Schultze
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5628
Washington, DC 20549-0022
SchultzeC@SEC.gov
Telephone: 202-551-4958
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission